UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN BALLARD, *Trustee, et al.*, | ) | |
|     *Plaintiffs*, | ) | |
| | ) | |
| *vs.* | ) | 1:13-cv-311-JMS-TAB |
| | ) | |
| HYDRO INC., | ) | |
|     *Defendant.* | ) | |

## ORDER

Presently pending before the Court is Plaintiffs' Motion for Default Judgment and Motion for Permanent Injunction.  [Dkt. 9.]  In that motion, Plaintiffs request that the Court enter default judgment against Defendant Hydro Inc. ("Hydro") in the amount of $7,754.25 in delinquent contributions, interest, and liquidated damages and in the amount of $1,560 for attorney's fees.  [*Id.* at 1.]  Plaintiffs also ask the Court to enter a permanent injunction, enjoining the Defendant "from failing and/or refusing to make timely payment of monies due Plaintiff Fund on behalf of all of Defendant's employees . . . beginning with the contributions for the month of October, 2013."

A Clerk's Entry of Default was entered against Hydro in May 2013.  [Dkt. 7.]  "Although a default judgment establishes liability, it does not answer whether any particular remedy is appropriate."  *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007).  An evidentiary hearing may be required to establish what type of relief is necessary, and "[t]his principle applies with equal if not greater force in the context of equitable relief, for which the law imposes a requirement that the party seeking the injunction demonstrate the inadequacy of legal relief."  *Id.* (citation omitted); *see also Walgreen Co. v. Sara Creek Property Co., B.V.*, 966 F.2d 273, 275 (7th Cir. 1992) ("The plaintiff who seeks an injunction has the burden of persuasion—

damages are the norm, so the plaintiff must show why his case is abnormal.... [W]hen, as in this case, the issue is whether to grant a permanent injunction ... the burden is to show that damages are inadequate....").  If the Court's proceedings leading to injunctive relief are deficient, the case will be remanded for further proceedings if there is an appeal.  *e360 Insight*, 500 F.3d at 604.

The Court **ORDERS** Plaintiffs to file a report by **November 27, 2013**, notifying the Court whether they wish to pursue their request for a permanent injunction via a hearing or whether they wish to abandon that requested relief and only seek default judgment on the amount of monetary damages set forth in their papers.  [Dkts. 9-10.]

11/20/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only**:

Frederick W. Dennerline III
FILLENWARTH DENNERLINE GROTH & TOWE LLP
fdennerline@fdgtlaborlaw.com